[Crim. No. 336. Third Appellate District.—January 10, 1918.]

## In the Matter of the Application of T. ALONZO WELLS to Practice Law.

ATTORNEY AT LAW—OPPOSITION OF APPLICATION TO PRACTICE—FINDING OF TRIAL COURT IN CIVIL ACTION—HEARSAY.—Where an application to practice law is opposed on the ground that the applicant had committed fraudulent acts rendering him unfit to practice, the finding of a trial court on conflicting evidence in a certain action brought against the applicant is hearsay, and inadmissible in such proceeding.

ID.—RIGHT OF APPLICANT.—Where an application to practice law is opposed for alleged lack of good moral character and the commission of alleged fraudulent acts rendering the applicant unfit for admission to the profession, he is entitled, as to all of the several distinct charges formally preferred against him, to be confronted by the witnesses called to support those charges, and to have their testimony taken directly before, and to cross-examine them in the presence and hearing of, the tribunal which must ultimately pass upon the question whether said charges have been sustained by sufficient proof.

MOTION to strike out portions of testimony taken before a referee in a proceeding opposing an application to practice law.

The facts are stated in the opinion of the court.

S. N. Johnstone, H. N. Mitchell, M. C. Atchinson, and T. Alonzo Wells, *in pro. per.*, for Respondents.

Clyde Bishop, R. Y. Williams, Joe C. Burke, L. A. West, and S. M. Reinhaus, for Petitioner.

THE COURT.—Counsel for respondent have filed a motion to strike out certain portions of the testimony taken before the referee named, designated and appointed by the court to take testimony in this proceeding. It was understood and agreed by and between counsel on both sides that this motion should be disposed of before briefs addressed to the merits are filed. The portions of the testimony which respondent asks be stricken out are specified in the written motion, and, having considered the same, we now state the

conclusions arrived at. The grounds of the allowance of the motion as to certain testimony are those stated by respondent in his written application to strike out. Where the motion is denied it is because the reasons stated for striking out are not legally tenable as to those portions of the testimony.

1. The motion as to all the testimony of the witnesses, George W. Minter and G. W. Stevens, is granted.

2. The motion as to the testimony of the witness, R. Y. Williams, designated as subdivisions a, b, and c in the written motion, is granted.

3. The testimony of the witness, W. H. Thomas, designated as subdivisions a, b, c, and d in said written motion, is stricken out.

4. The motion to strike out petitioner's Exhibit "D" is denied, for the reason that the written motion fails to point out where the said exhibit may be found in the transcript. The index to the reporter's transcript contains no reference to the several exhibits, and it is not the duty of this court to search that voluminous document to find the exhibit, counsel themselves not having taken the pains to designate the particular part of the transcript in which it may be found.

5. The motion to strike out those portions of the testimony of the witness, Clyde Bishop, designated as subdivisions a, b, c, i, m, n, o, and s, is granted. The motion as to those portions designated as subdivisions d, e, f, g, h, j, k, l, p, q, r, and t is denied.

6. The motion to strike out petitioner's Exhibit "E" is denied for the reason given above for the ruling as to petitioner's Exhibit "D."

7. The motion as to the portions of the testimony of the witness, George W. Moore, designated as subdivisions a, b, c, and d, is denied.

8. The motion as to the portions of the testimony of the witness, C. C. Johnson, designated as subdivisions a and b, is denied.

9. The motion as to the testimony of James McMillan, subdivisions a and b, is denied.

10. The motion as to the testimony of the witness, C. E. Lavering, subdivisions a and b, is denied.

11. The motion as to the testimony of W. D. Seeley, subdivisions a and b, is denied.

12. The motion as to the testimony of J. E. McGowen, subdivisions a and b, is denied.

13. The motion as to the testimony of Sterling Price, subdivisions a and b, and the motion as to the testimony of the following witnesses, is denied: J. T. Stockton; A. W. Morehouse; R. L. Draper, and Henry Brooks; Joe Gothard, Dr. G. A. Shank, and C. H. Mansur.

14. The motion to strike out all the testimony of Henry Brooks, Joe Gothard, and C. H. Mansur is denied.

15. The motion as to the testimony of H. J. Forgy, subdivisions a and d, is denied. As to the testimony of said Forgy, designated as subdivisions b and c, the motion is granted.

16. The motion as to the testimony of the witness, James J. Conrad, designated as subdivisions a and b, is denied.

17. The motion to strike out the statement on motion for a new trial in the case of Commercial Bank of Santa Ana, a Corporation, Plaintiff, v. T. A. Wells and J. E. Wells, defendants, is granted. The said statement is in the transcript before us, beginning on page 279 and ending on page 290 thereof. The general ground upon which we base the order striking out the said statement is that it is hearsay. This testimony was offered for the purpose of showing that, in the above-mentioned case, in which the statement was prepared, the respondent fraudulently secured a loan of $550 from the said Commercial Bank, Wells and his wife having joined in making a promissory note to the bank for said sum. From the said statement on the motion for a new trial it appears that, about a year and a half before the five hundred and fifty dollar transaction with the said bank was had, Wells borrowed from the latter the sum of $350. It further likewise appears that, either on the first or second of the two said occasions on which he borrowed money from the bank, Wells told the cashier that a certain tract of land in his wife's name was unincumbered. After the five hundred and fifty dollar loan was made to the respondent by the bank, the latter learned that the wife of the respondent had, on the third day of June, 1903, filed a homestead on said land. The five hundred and fifty dollar loan was made on the thirty-first day of August, 1903.

As a defense to the action by the bank on the five hundred and fifty dollar note, Wells pleaded and proved his discharge

in bankruptcy by the United States district court for the southern district of California on the twenty-ninth day of January, 1906. It was admitted by Wells at the trial that his note to the bank for $550 was included in his schedule of liabilities filed in the proceeding in bankruptcy, and was, therefore, affected by the adjudication discharging him from all obligations or liabilities then existing against him.

Thus, it will be seen, it became a question of vital import-ance in that case whether the representation made to the bank by Wells that his wife's land was unincumbered was made when he obtained the loan for $350 or when he obtained the loan for $550. Upon this question there was, according to the statement on motion for a new trial, a sharp conflict in the testimony, Wells having testified that the representation was made when he borrowed the $350 and the bank officials having testified that the representation was made when he borrowed the sum of $550. Of course, the trial court had to determine this conflict and did so by finding in favor of the bank. Manifestly, this was only the opinion or judgment of the trial judge, and, while such opinion or judgment would be conclusive against the respondent here in certain instances which could be mentioned, still it cannot be held to be other-wise than hearsay in this proceeding, in which the respondent is entitled, as to all of the several distinct charges formally preferred against him, to be confronted by the witnesses called to support those charges, and to have their testi-mony taken directly before, and to cross-examine them in the presence and hearing of, the tribunal which must ultimately pass upon the question whether said charges have been sus-tained by sufficient proof.

18. This court is in no position to order the transcript of the testimony corrected in the several particulars indicated on pages 24 and 25 of the motion to strike out. We have no way of knowing whether, as respondent contends, the alleged errors are in fact errors or whether the testimony in those particulars was taken down and transcribed by the stenog-rapher as it was given before the referee. We suggest, how-ever, that the attorneys on both sides join in having the stenographer who took the testimony read to them his notes touching the particulars as to which errors are claimed to have been made and agree upon and make such corrections in the particulars referred to as the notes of the reporter may justify.